IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   4:20-cv-00670 |
| ) | |
| LOUIS M. REXRODE, ) | |
| CYNTHIA D. REXRODE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401, 7402(a), and 7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action (1) to reduce to judgment unpaid federal tax liabilities owed by Louis M. Rexrode, and (2) to enforce the associated federal tax liens against certain real property belonging to him.  For its complaint, the United States alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Jurisdiction is conferred upon this district court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the taxpayer resides in this district and the real property at issue is located in this district.

3. Plaintiff is the United States of America.

4. Defendant Louis M. Rexrode, resides at 1220 Hunter Road, Collinsville, in Grayson County, Texas, 76233, within the jurisdiction of this Court.

5.      Defendant Cynthia D. Rexrode resides at 1220 Hunter Road, Collinsville, in Grayson County, Texas, 76233, within the jurisdiction of this Court, and defendant Louis M. Rexrode is married to defendant Cynthia D. Rexrode.

### THE SUBJECT PROPERTY

6.      The title of the real property upon which the United States seeks to enforce its federal tax liens is owned or held in the name of Louis M. Rexrode and Cynthia D. Rexrode, husband and wife, and consists of 167.93 acres of land, along with all improvements, buildings, and appurtenances thereon, located on Hunter Road, Collinsville, Texas 76233 (the "Real Property"). The Real Property is located adjacent to the Defendants' 10 acre homestead but does not include that 10 acre tract which is their residence. The legal description of the Real Property is as follows:

> BEING situated in the County of Grayson, State of Texas, in the JOHN W. BERGIN SURVEY (previously referred to as the John D. Bergin Survey), Abstract Number 75, situated approximately South 58 West a distance of 15.3 miles from the City of Sherman, and being the same land described as 184 acres in a deed to Evan L. Evans and wife, in Volume 636, Page 279 of the Deed Records of Grayson County, Texas, and said land being further described as 177.93 acres in the Warranty Deed from Louis M. Rexrode and wife, Cynthia D. Rexrode, to R and R Ministries, dated January 4, 1999, and filed of record at Volume 2738, Page 583, Grayson County Real Property Records, and being more particularly described by metes and bounds as follows to wit:
>
> BEGINNING at a railroad set in the centerline of a public road maintaining the West line of BERGIN SURVEY, said spike being the Southwest corner of the Evans tract.
>
> THENCE North 00 degrees 01 minutes 53 seconds East with center-line of the road and the West line of the BERGIN SURVEY, a distance of 2794.85 feet to a railroad spike set for corner.
>
> THENCE North 89 degrees 33 minutes 03 seconds East 2763.26 feet to a ½ inch rod found in the East line of the BERGIN SURVEY, the Southwest corner of ANTONIO HERNANDEZ SURVEY.

THENCE South 00 degrees 46 minutes 21 seconds East with the East line of BERGIN SURVEY, a distance of 2775.75 feet to a fence intersection, the Southeast corner of Evans tract.

THENCE South 89 degrees 09 minutes 42 seconds West, 2802.42 feet to the PLACE OF BEGINNING and CONTAINING 177.93 acres of land, more or less.

**BUT EXCLUDING THE FOLLOWING 10 ACRES** as described in a deed from Louis M. Rexrode and wife Cynthia D. Rexrode, to Peggy W. Gray, in Volume 3174, Page 728 of the Deed Records of Grayson County, Texas, and being more particularly described by metes and bounds as follows to wit:

STANDING at the Northwest corner of the referenced 177.93 acre tract, Volume 2738, Page 583, a point in the center of the north-south county road (known as Hunter Road) for the POINT OF BEGINNING and the Northwest corner of this tract.

THENCE North 89 degrees 33 minutes 05 seconds East, a total distance of 1043.59 feet, passing a Set ½" Iron Pin located 1.9 feet south of a corner fence post on the east side of said county road at 20.5 feet and continuing, along the North Boundary Line of the referenced 177.93 acre tract and the general course of an old tree row located south of a new barbed wire fence to a Set ½" Iron Pin for the Northeast corner.

THENCE South 00 degrees 01 minutes 35 seconds West, a distance of 417.42 feet to a Set ½" Iron Pin for the Southeast corner.

THENCE South 89 degrees 33 minutes 05 seconds West, a total distance of 1043.59 feet, passing a Set ½" Iron Pin on the east side of a county road (Hunter Road) and continuing, to a point in the center of said road and the West Boundary Line of the referenced 177.93 acre tract for the Southwest Corner.

THENCE North 00 degrees 01 minutes 35 seconds East, a distance of 417.42 feet along the center of Hunter Road and the West Boundary Line of the referenced 177.93 acre tract to the POINT OF BEGINNING, containing 10.00 acres.

**The SUBJECT property is further identified in the Grayson County, Texas, Central Appraisal District records as follows:**

Prop. ID R131141
Abstract G-0075 Bergin J. W.
A-G0075, Acres 167.93, Adj. 10 Acres

**COUNT 1**
**Judgment against Louis M. Rexrode for Tax Liabilities**

*Income Tax Liabilities*

7. On the following dates, a delegate of the Secretary of the Treasury made assessments against Louis M. Rexrode for federal income taxes and penalties for tax years 2006 and 2009 and the following tax periods and in the following amounts (collectively, "the income tax liabilities"), which have balances due with accruals and costs as of October 1, 2020, as follows:

| Tax Period | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/01/2020 |
|---|---|---|---|---|
| 12/31/2006 | 09/06/10 | Income Tax Assessed | $11,796.00 | |
| | 09/06/10 | Penalty for Non-Payment | $558.19 | |
| | 09/06/10 | Penalty for Late Filing | $2,654.10 | |
| | 09/06/10 | Interest for Late Payment | $2,966.08 | |
| | 09/06/10 | Penalty for Late Payment | $2,418.18 | |
| | 03/18/13 | Penalty for Late Payment | $530.82 | |
| | 10/06/14 | Interest for Late Payment | $2,871.53 | |
| | 10/10/16 | Interest for Late Payment | $1,613.73 | |
| | 10/09/17 | Interest for Late Payment | $1,033.33 | |
| | 10/08/18 | Interest for Late Payment | $1,220.41 | |
| | 10/07/19 | Interest for Late Payment | $1,558.71 | |
| | | Lien Fee | 126.00 | |
| | | Accrued Interest | $1,318.57 | $30,665.65 |
| 12/31/2009 | 04/15/10 | Credit | <$400.00> | |
| | 04/22/13 | Income Tax Assessed | $4,799.00 | |
| | 04/22/13 | Penalty for Non-Payment | $105.33 | |
| | 04/22/13 | Penalty for Late Filing | $989.78 | |
| | 04/22/13 | Interest for Late Payment | $582.89 | |
| | 04/22/13 | Penalty for Late Payment | $813.81 | |
| | 08/12/13 | Fees and Expenses | $32.00 | |
| | 10/06/14 | Interest for Late Payment | $309.09 | |
| | 10/06/14 | Penalty for Late Payment | $285.94 | |
| | 03/21/16 | Fees and Expenses | $32.00 | |

|       |          |                          |          |            |
|-------|----------|--------------------------|----------|------------|
|       | 10/10/16 | Interest for Late Payment | $510.58  |            |
|       | 10/09/17 | Interest for Late Payment | $327.81  |            |
|       | 10/08/18 | Interest for Late Payment | $387.15  |            |
|       | 10/07/19 | Interest for Late Payment | $494.49  |            |
|       |          | Accrued Interest         | $418.22  | $9,688.09  |
| **Total** |      |                          |          | $40,353.74 |

8. A delegate of the Secretary of the Treasury gave notice and demand for payment of the income tax liabilities described above to Louis M. Rexrode. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the income tax liabilities described above have a $40,353.74 unpaid balance due of as of October 1, 2020.

9. Despite notice and demand for payment, Louis M. Rexrode has failed, neglected, or refused to fully pay the income tax liabilities described above.

10. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Louis M. Rexrode is liable to the United States for the income tax liabilities in the amount of $40,353.74 as of October 1, 2020, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

*Section 6702 Penalty for Frivolous Tax Submission Liability*

11. On the following dates, a delegate of the Secretary of the Treasury made assessments against the defendant Louis M. Rexrode pursuant to the provisions of 26 U.S.C. § 6702 by reason of his filing or making frivolous tax submissions, in regard to the 2006 tax period and in the following amounts, which has the balance due with accruals and costs as of October 1, 2020, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 10/01/2020 |
|---|---|---|---|---|
| 12/31/2006 | 06/13/11 | Misc. Penalty | $5,000.00 | |
| | 07/18/11 | Misc. Penalty | $5,000.00 | |
| | 10/06/14 | Interest for Late Payment | $1,950.88 | |
| | 10/10/16 | Interest for Late Payment | $1,149.58 | |
| | 10/09/17 | Interest for Late Payment | $736.13 | |
| | 10/08/18 | Interest for Late Payment | $869.39 | |
| | 10/07/19 | Interest for Late Payment | $1,110.38 | |
| | | Accrued Interest | 939.13 | |
| **Total** | | | | $16,755.49 |

12. A delegate of the Secretary of the Treasury gave notice and demand for payment of the frivolous filing penalty liability described above to Louis M. Rexrode. After the application of statutory interest, penalties, other additions, abatements, payments, and credits, the frivolous filing penalty liability described above had a $16,755.49 unpaid balance due as of October 1, 2020.

13. Despite notice and demand, Louis M. Rexrode has failed, neglected, or refused to fully pay the frivolous filing penalty liability described above.

14. Pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Louis M. Rexrode is liable to the United States for a frivolous filing penalty liability in the amount of $16,755.49 as of October 1, 2020, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT 2
## Enforcement of Federal Tax Liens

15. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by Louis M. Rexrode to pay the tax liabilities described above after notice and demand,

federal tax liens arose on the dates of the assessments, and attached to all property and rights to property belonging to Louis M. Rexrode, including the Real Property.

16. Additionally, the Internal Revenue Service publicly filed Notices of Federal Tax Lien ("NFTL") in accordance with 26 U.S.C. § 6323(f) with the County Recorder of Grayson County, Texas in regard to the tax liabilities described below, on the following dates:

| Type of Tax | Tax Periods Ending | Date NFTL Filed |
| --- | --- | --- |
| Income - 1040 | 2006 | 11/05/2013 |
| Income – 1040 | 2009 | 07/29/2013 |
| Penalty – 6702 | 2006 | 11/05/2013 |
| Penalty – 6702 | 2006 | 11/05/2013 |
| Income – 1040 | 2006 | 07/18/2016 |
| Income – 1040 | 2009 | 02/29/2016 |
| Penalty – 6702 | 2006 | 07/18/2016 |
| Penalty – 6702 | 2006 | 07/18/2016 |

17. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against the Real Property and have the entire Real Property sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Property; second, to the Grayson County Central Appraisal District to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the tax liabilities described above; or, as otherwise determined by the Court in accordance with the law.

## PRAYER

WHEREFORE, the United States of America prays for a judgment determining:

A. That Louis M. Rexrode is liable to the United States for the income tax liabilities arising out of 2006 and 2009 in the amount of $40,353.74 as of October 1, 2020, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

B. That Louis M. Rexrode is liable and indebted to the United States pursuant to the provisions of 26 U.S.C. § 6702 for a penalty for filing or making frivolous tax submissions, for tax year 2006 in the amount of $16,755.49 as of October 1, 2020, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid;

C. That the federal tax liens securing the liabilities described in this complaint shall be enforced against the Real Property by ordering the sale of the entire Real Property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Real Property; second, to the defendant Grayson County Central Appraisal District, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the plaintiff United States to pay the liabilities set forth above; or, as otherwise determined by the Court in accordance with the law; and

D. That awards the United States such other and further relief as this Court deems just and proper, including its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

        Respectfully submitted,

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ G. Hobart Miller*
        G. HOBART MILLER
        Attorney, Tax Division
        State Bar No. 14073020
        U.S. Department of Justice
        717 N. Harwood St., Suite 400
        Dallas, Texas 75201
        (214) 880-9748
        (214) 880-9742 (FAX)
        Glen.H.Miller@usdoj.gov

        ATTORNEYS FOR UNITED STATES

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
United States of America

**DEFENDANTS**
Louis M. Rexrode,
Cynthia D. Rexrode

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Grayson
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
G. Hobart Miller, Trial Attorney   (214) 880-9748
U.S. Dept. of Justice, Tax Division
717 N. Harwood, Ste. 400, Dallas, TX 75201

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7401, 7402, and 7403
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 57,109.23
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE  09/03/2020
SIGNATURE OF ATTORNEY OF RECORD  /s/ G. Hobart Miller

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.